UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA TOMS,<br><br>      Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendants. | Case No. 10-cv-440-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 29) of Magistrate Judge Clifford J. Proud recommending that the Court (1) reverse the decision of the Commissioner of Social Security denying plaintiff Rebecca Toms' applications for disability insurance benefits and supplemental security income and (2) remand the case to the Commissioner for rehearing and reconsideration of the evidence pursuant to sentence four of 42 U.S.C. § 405(g). Toms objects to the report (Doc. 30), and the Commissioner has responded to that objection (Doc. 31).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Report found the determination of the administrative law judge ("ALJ") that Toms' testimony about her subjective complaints was not credible was the product of legal error and

was not supported by substantial evidence. The Report also found the ALJ's residual functional capacity determination lacked support because it did not properly consider Toms' testimony and because it ignored some parts of the record and misstated others. The Report concluded that, because the record did not conclusively establish Toms was disabled, an award of benefits was not proper and that reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) was appropriate.

Toms does not object to the Report's rejection of the ALJ's decision. Indeed, the Court has reviewed the Report's conclusion as to that question for clear error and finds none. Accordingly, it will adopt that portion of the Report.

Toms objects to the recommendation to remand the matter for a new hearing and a new decision. She believes the Court should remand the case for an award of benefits without further proceedings. She argues that the record is fully developed and that no reasonable trier of fact could find Toms not disabled on that record. In response, the Commissioner argues the record does not conclusively establish Toms' right to benefits. The Court considers the question *de novo*.

Under sentence four, the Court can affirm, modify or reverse the Commissioner's decision with or without remanding the case for further proceedings. *See* 42 U.S.C. § 405(g). "When an ALJ's decision is not supported by substantial evidence, . . . . a remand for further proceedings is the appropriate remedy unless the evidence before the court compels an award of benefits." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)); *accord Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Whether to remand for

further proceedings or an award of benefits is within the Court's discretion. *Allord*, 631 F.3d at 415-16 (citing *Nelson v. Apfel*, 210 F.3d 799, 802 (7th Cir. 2000)).

The record in this case could yield more than one conclusion about whether Toms is disabled. The decision about a claimant's residual functional capacity and whether a claimant is disabled are the ultimate responsibility of the administrative law judge ("ALJ"), not medical professionals. *See* 20 C.F.R. §§ 404.1513(c), 404.1527, 404.1545 & 404.1546(c) (disability insurance); 20 C.F.R. §§ 416.913(c); 416.927, 416.945 & 416.946(c) (supplemental security income). Here, there is evidence from which the ALJ could draw conflicting conclusions regarding Toms' residual functional capacity and whether she is disabled. For example, Dr. Hall's October 24, 2007, report indicates Toms had substantial functional limitations six months after her surgery, but his July 11, 2008, report indicates Toms suffered from some but not all of the same restrictions. On the other hand, Dr. Feinerman's report from his March 17, 2008, examination of Toms indicates she was able to sit, stand, walk, hear and speak normally and was able to lift, carry and handle objects without difficulty, and Dr. Pardo's March 26, 2008, review of Toms' medical records indicates her abdominal wound had healed, she was able to sit, stand and walk normally but could not bend or squat without pain, and she was capable of light work. In light of these reports, other medical evidence in the file, and Toms' testimony, there is room for the ALJ to accept or reject the proposition that Toms is disabled. Because a finding of disability is not compelled by the record, remand for further proceedings and a new decision is the appropriate remedy.

For the foregoing reasons, the Court **ADOPTS** the Report (Doc. 29) in its entirety, **REVERSES** the decision of the Commissioner of Social Security denying plaintiff Rebecca Toms' petition for disability insurance benefits and supplemental security income and

**REMANDS** the case to the Commissioner for rehearing and reconsideration of the evidence pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**
**DATED: June 23, 2011**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**